## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.    18-cv-00750-GPG

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**SEP 10 2018**

JEFFREY P. COLWELL
CLERK

THOMAS HAYNER,
        Plaintiff,

v.

CITY AND COUNTY OF DENVER,
DENVER DISTRICT ATTORNEY'S OFFICE,
DENVER POLICE DEPARTMENT,
DENVER SHERIFF DEPARTMENT,
DENVER DEPARTMENT OF PUBLIC SAFETY,
DENVER OFFICE OF THE INDEPENDENT MONITOR,
DENVER COUNTY COURT,
DENVER DISTRICT COURT,
DENVER COUNTY CLERK AND RECORDER'S OFFICE,
DENVER COUNTY COURT OFFICE OF THE PRESIDING JUDGE,
DENVER PRETRIAL SERVICES,
DENVER ADULT PROBATION SERVICES,
DENVER MAYOR'S OFFICE,
18TH JUDICIAL DISTRICT OFFICE OF THE DISTRICT ATTORNEY,
ARAPAHOE COUNTY COURT,
STATE OF COLORADO,
COLORADO ATTORNEY GENERAL,
COLORADO OFFICE OF THE STATE PUBLIC DEFENDER,
COLORADO BUREAU OF INVESTIGATIONS,
COLORADO ATTORNEY REGULATION COUNSEL,
COLORADO SUPREME COURT,
COLORADO OFFICE OF THE GOVERNOR,
DENVER HEALTH,
FEDERAL BUREAU OF INVESTIGATIONS,
MITCHELL MORRISSEY,
GEORGE BRAUCHLER,
BETH MCCANN,
CYNTHIA COFFMAN,

HELEN MORGAN,
BONNIE BENEDETTI,
CLINTON MCKINZIE,
ASHLEY BECK,
JUDGE HADA,
JUDGE CAMPBELL,
JUDGE MARCUCCI,
JUDGE RODARTE,
JUDGE GERDES,
LARRY BAILEY,
JOANNA STUART,
WADI MUHAISEN,
AMANDA BECKER,
SIDDHARTHA RATHOD,
R. SCOTT REISCH,
V. IYER,
JOSEPH LAZZARA,
STEPHANIE O'MALLEY,
NICK MITCHELL,
MAYOR HANCOCK,
DENVER POLICE (DP) CHIEF WHITE,
DP COMMANDER RON THOMAS,
DP DETECTIVE GREY,
DP DETECTIVE NUNEZ DE OVALLE,
DP DETECTIVE STEGMAN,
DENVER SHERIFF (DS) PATRICK FIRMAN,
DS DEPUTY SIMON CRITTLE,
DS DEPUTY BOSWELL,
NURSE KELLY SMITH,
JASON ROMPORTL,
HEATHER BECKER,
TEGNA INC.,
9NEWS,
NBC,
ANASTASIYA KUZMINSKAYA,
STEVE CARTER,
GOVERNOR JOHN HICKENLOOPER,
FBI AGENT MARK *UNKNOWN*,

FBI AGENT TAKAHARA,
DENISE L. HAYNER,
THOMAS M. HAYNER,
DOUGLAS COUNTY SHERIFF'S DEPARTMENT,
DOUGLAS COUNTY SHERIFF SPURLOCK,
DOUGLAS COUNTY SHERIFF'S DEPUTY K,
DOUGLAS WILSON, and
OTHER INVOLVED PARTIES,
     Defendants.

## PRISONER COMPLAINT

### A.    PLAINTIFF INFORMATION

Thomas Hayner
#180785
Skyline Correctional Center (SCC)
P.O. Box 300
Cañon City, CO 80215

  **X**    Convicted and sentenced state prisoner

### B.    DEFENDANT(S) INFORMATION

Defendant 1:   City and County of Denver
                201 W. Colfax Avenue
                Denver, CO 80202

                At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
                Defendant 1 is a municipality and/or county.
                Defendant 1 is being sued in their official capacity.

Defendant 2:   Denver District Attorney's Office
                201 W. Colfax Avenue, Department 801
                Denver, CO 80202

                At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:

Defendant 2 is a Prosecutor's office for the 2nd Judicial District of the State of Colorado.
Defendant 2 is being sued in their official capacity.

Defendant 3:  Denver Police Department
1331 Cherokee Street
Denver, CO 80202

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 3 is a municipal and/or county police department.
Defendant 3 is being sued in their official capacity.

Defendant 4:  Denver Sheriff's Department
401 W. Colfax Avenue
Denver, CO 80204

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 4 is a municipal and/or county sheriff's department.
Defendant 4 is being sued in their official capacity.

Defendant 5:  Denver Department of Public Safety
1331 Cherokee Street, Suite 202
Denver, CO 80204

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 5 is an agency of a municipality and/or county.
Defendant 5 is being sued in their official capacity.

Defendant 6:  Denver Office of the Independent Monitor
201 W. Colfax Avenue, Department 1201
Denver, CO 80202

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 6 is an agency of a municipality and/or county.
Defendant 6 is being sued in their official capacity.

Defendant 7:  Denver County Court
1437 Bannock Street
Denver, CO 80202

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 7 is a county court.
Defendant 7 is being sued in their official capacity.

Defendant 8:  Denver District Court
520 W. Colfax Ave.
Denver, CO 80202

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 8 is a district court for the 2nd Judicial District of the State of Colorado.
Defendant 8 is being sued in their official capacity.

Defendant 9:  Denver County Clerk and Recorder's Office
201 W. Colfax Ave. Department 101
Denver, CO 80202

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 9 is a clerk's office for Denver County Court and Denver District Court.
Defendant 9 is being sued in their official capacity.

Defendant 10: Denver County Court Office of the Presiding Judge
1437 Bannock Street
Denver, CO 80202

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 10 is the Presiding Judge of Denver County Court's office.
Defendant 10 is being sued in their official capacity.

Defendant 11: Denver Pretrial Services
490 W. Colfax Avenue
Denver, CO 80204

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No. Briefly explain:
Defendant 11 is an agency of a municipality, county, and/or state.
Defendant 11 is being sued in their ___ individual and/or _X_ official capacity.

Defendant 12: Denver Adult Probation Services
303 W. Colfax Avenue, Department 501
Denver, CO 80204

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No. Briefly explain:
Defendant 11 is an agency of a municipality, county, and/or state.
Defendant 11 is being sued in their ___ individual and/or _X_ official capacity.

Defendant 13: Denver Mayor's Office
201 W. Colfax Avenue
Denver, CO 80202

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No Briefly explain:
Defendant 13 is a municipality and/or county mayor's office.
Defendant 13 is being sued in their ___ individual and/or _X_ official capacity.

Defendant 14: 18th Judicial District Office of the District Attorney
6450 S. Revere Parkway
Centennial, CO 80111

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No Briefly explain:
Defendant 14 is a Prosecutor's office for the 18th Judicial District of the State of Colorado.
Defendant 14 is being sued in their ___ individual and/or _X_ official capacity.

Defendant 15: Arapahoe County Court
7325 S. Potomac Street

Centennial, CO 80112

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 15 is a county court.
Defendant 15 is being sued in their ___ individual and/or _X_ official capacity.

Defendant 16: State of Colorado
1300 Broadway, Floor 10
Denver, CO 80203

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 16 is a state.
Defendant 16 is being sued in their ___ individual and/or _X_ official capacity.

Defendant 17: Colorado Attorney General
1300 Broadway, Floor 10
Denver, CO 80203

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 17 is an agency of the State of Colorado.
Defendant 17 is being sued in their ___ individual and/or _X_ official capacity.

Defendant 18: Colorado Office of the State Public Defender
1300 Broadway, Suite 400
Denver, CO 80203

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 18 is an agency of the State of Colorado.
Defendant 18 is being sued in their ___ individual and/or _X_ official capacity.

Defendant 19: Colorado Bureau of Investigations
690 Kipling Street, Suite 2000
Lakewood, CO 80215

At the time the claim(s) in this complaint arose, was this defendant acting under

color of state or federal law? _X_ Yes ___ No. Briefly explain:
Defendant 19 is an agency of the State of Colorado.
Defendant 19 is being sued in their ___ individual and/or _X_ official capacity.

Defendant 20: Colorado Attorney Regulation Counsel
1300 Broadway, Suite 500
Denver, CO 80203

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No. Briefly explain:
Defendant 20 is an agency of the State of Colorado.
Defendant 20 is being sued in their ___ individual and/or _X_ official capacity.

Defendant 21: Colorado Supreme Court
2 E. 14th Avenue
Denver, CO 80203

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No. Briefly explain:
Defendant 21 is an agency of the State of Colorado.
Defendant 21 is being sued in their ___ individual and/or _X_ official capacity.

Defendant 22: Colorado Office of the Governor
200 East Colfax Avenue
Denver, CO 80203

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No. Briefly explain:
Defendant 22 is an agency of the State of Colorado.
Defendant 22 is being sued in their ___ individual and/or _X_ official capacity.

Defendant 23: Denver Health
490 W. Colfax Avenue
Denver, CO 80204

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No. Briefly explain:
Defendant 23 is a public-private health partnership that provides medical services to inmates and detainees housed in Denver County jails.

Defendant 23 is being sued in their ___ individual and/or _X_ official capacity.

Defendant 24: Federal Bureau of Investigations          Federal Bureau of Investigations
8000 East 36th Avenue                                     935 Pennsylvania Avenue NW
Denver, CO 80238                                          Washington, D.C. 20535-0001

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 24 is an agency of the United States Federal Government.
Defendant 24 is being sued in their ___ individual and/or _X_ official capacity.

Defendant 25: Mitchell Morrissey
201 W. Colfax Avenue, 8th Floor
Denver, CO 80202

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 25 is a former elected District Attorney for the 2nd Judicial District of the State of Colorado.
Defendant 25 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 26: George Brauchler
6450 S. Revere Parkway
Centennial, CO 80111

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 26 is an elected District Attorney for the 18th Judicial District of the State of Colorado.
Defendant 26 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 27: Beth McCann
201 W. Colfax Avenue, 8th Floor
Denver, CO 80202

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 27 is an elected District Attorney for the 2nd Judicial District of the State of Colorado.

Defendant 27 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 28: Cynthia Coffman
1300 Broadway, Floor 10
Denver, CO 80203

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No. Briefly explain:
Defendant 28 is an elected Attorney General for the State of Colorado.
Defendant 28 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 29: Helen Morgan
201 W. Colfax Avenue, 8th Floor
Denver, CO 80202

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No. Briefly explain:
Defendant 29 is a Deputy District Attorney for the 2nd Judicial District of the State of Colorado.
Defendant 29 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 30: Bonnie Benedetti
201 W. Colfax Avenue, 8th Floor
Denver, CO 80202

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No. Briefly explain:
Defendant 30 is a Deputy District Attorney for the 2nd Judicial District of the State of Colorado.
Defendant 30 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 31: Clinton McKinzie
6450 S. Revere Parkway
Centennial, CO 80111

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No. Briefly explain:
Defendant 31 is a Deputy District Attorney for the 18th Judicial District of the State of Colorado.

Defendant 31 is being sued in their  X  individual and/or  X  official capacity.

Defendant 32: Ashley Beck
201 W. Colfax Avenue, 8th Floor
Denver, CO 80202

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  X  Yes ___ No. Briefly explain:
Defendant 32 is an Assistant District Attorney for the 2nd Judicial District of the State of Colorado.
Defendant 32 is being sued in their  X  individual and/or  X  official capacity.

Defendant 33: Judge Hada
520 W. Colfax Ave.
Denver, CO 80202

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  X  Yes ___ No. Briefly explain:
Defendant 33 is a Judge for the Denver County Court.
Defendant 33 is being sued in their  X  individual and/or  X  official capacity.

Defendant 34: Judge Campbell
520 W. Colfax Ave.
Denver, CO 80202

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  X  Yes ___ No. Briefly explain:
Defendant 34 is a Judge for the Denver County Court.
Defendant 34 is being sued in their  X  individual and/or  X  official capacity.

Defendant 35: Judge Marcucci
1437 Bannock Street
Denver, CO 80202

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  X  Yes ___ No. Briefly explain:
Defendant 35 is a Judge for the Denver County Court.
Defendant 35 is being sued in their  X  individual and/or  X  official capacity.

Defendant 36: Judge Rodarte
520 W. Colfax Ave.
Denver, CO 80202

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 36 is a Judge for the Denver County Court.
Defendant 36 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 37: Judge Gerdes
520 W. Colfax Ave.
Denver, CO 80202

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 37 is a Judge for the 2nd Judicial District Court of the State of Colorado.
Defendant 37 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 38: Larry Bailey
1525 Josephine Street
Denver, CO 80202

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 38 is a registered attorney in the State of Colorado.
Defendant 38 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 39: Joanna Stuart
1300 Broadway, Suite 400
Denver, CO 80203

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 39 is a supervising attorney for the Colorado Office of the State Public Defender.
Defendant 39 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 40: Wadi Muhaisen

1435 Larimer Street, Suite 203
Denver, CO 80202

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 40 is a registered attorney in the State of Colorado.
Defendant 40 is being sued in their  _X_ individual and/or _X_ official capacity.

Defendant 41: Amanda Becker
1435 Larimer Street, Suite 203
Denver, CO 80202

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 41 is a registered attorney in the State of Colorado.
Defendant 1 is being sued in their  _X_ individual and/or _X_ official capacity.

Defendant 42: Siddhartha Rathod
2701 Lawrence Street, Suite 100
Denver, CO 80205

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 42 is a registered attorney in the State of Colorado.
Defendant 42 is being sued in their  _X_ individual and/or _X_ official capacity.

Defendant 43: R. Scott Reisch
1490 W. 121st Avenue, Suite 202
Denver, CO 80234

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 43 is a registered attorney in the State of Colorado.
Defendant 43 is being sued in their  _X_ individual and/or _X_ official capacity.

Defendant 44: V. Iyer
P.O. Box 2465
Englewood, CO 80150

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 44 is a registered attorney in the State of Colorado.
Defendant 44 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 45: Joseph Lazzara
5950 S. Willow Drive, Suite 250
Greenwood Village, CO 80111

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 45 is a registered attorney in the State of Colorado.
Defendant 45 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 46: Stephanie O'Malley
1331 Cherokee Street, Suite 202
Denver, CO 80204

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 46 is a former official of an agency of the City and County of Denver.
Defendant 46 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 47: Nick Mitchell
201 W. Colfax Avenue, Department 1201
Denver, CO 80202

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 47 is an official of an agency of the City and County of Denver.
Defendant 47 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 48: Mayor Hancock
201 W. Colfax Avenue
Denver, CO 80202

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:

Defendant 48 is an official of an agency of the City and County of Denver.
Defendant 48 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 49: Denver Police Chief White
1331 Cherokee Street
Denver, CO 80204

At the time the claim(s) in this complaint arose, was this defendant acting under
color of state or federal law? _X_ Yes ___ No. Briefly explain:
Defendant 49 is an official of an agency of the City and County of Denver.
Defendant 49 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 50: Denver Police Commander Ron Thomas
1331 Cherokee Street
Denver, CO 80204

At the time the claim(s) in this complaint arose, was this defendant acting under
color of state or federal law? _X_ Yes ___ No. Briefly explain:
Defendant 50 is an official of an agency of the City and County of Denver.
Defendant 50 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 51: Denver Police Detective Grey
1331 Cherokee Street
Denver, CO 80204

At the time the claim(s) in this complaint arose, was this defendant acting under
color of state or federal law? _X_ Yes ___ No. Briefly explain:
Defendant 51 is an official of an agency of the City and County of Denver.
Defendant 51 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 52: Denver Police Detective Nunez de Ovalle
1331 Cherokee Street
Denver, CO 80204

At the time the claim(s) in this complaint arose, was this defendant acting under
color of state or federal law? _X_ Yes ___ No. Briefly explain:
Defendant 52 is an official of an agency of the City and County of Denver.
Defendant 52 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 53: Denver Police Detective Stegman
1331 Cherokee Street
Denver, CO 80204

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 53 is an official of an agency of the City and County of Denver.
Defendant 53 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 54: Denver Sheriff Patrick Firman
401 W. Colfax Avenue
Denver, CO 80204

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 54 is an official of an agency of the City and County of Denver.
Defendant 54 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 55: Denver Sheriff's Deputy Simon Crittle
401 W. Colfax Avenue
Denver, CO 80204

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 55 is an official of an agency of the City and County of Denver.
Defendant 55 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 56: Denver Sheriff's Deputy Boswell
401 W. Colfax Avenue
Denver, CO 80204

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 56 is an official of an agency of the City and County of Denver.
Defendant 56 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 57: Nurse Kelly Smith
490 W. Colfax Avenue
Denver, CO 80204

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:

Defendant 57 is a Nurse at Denver Health.

Defendant 57 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 58: Jason Romportl, Probation Supervisor
303 W. Colfax Avenue, Department 501
Denver, CO 80204

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:

Defendant 58 is an official of an agency of the City and County of Denver and/or State of Colorado.

Defendant 58 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 59: Heather Becker, Electronic Monitoring Probation Officer
490 W. Colfax Avenue
Denver, CO 80204

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:

Defendant 59 is an official of an agency of the City and County of Denver and/or State of Colorado.

Defendant 59 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 60: TEGNA, Inc.
500 Speer Blvd
Denver, CO

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:

Defendant 60 is an organization which worked with an agency of the City and County of Denver (color of state law by colloquium, see *Beedle v. Wilson).*

Defendant 60 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 61: 9NEWS, Inc.
500 Speer Blvd
Denver, CO

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 61 is an organization which worked with an agency of the City and County of Denver (color of state law by colloquium, see *Beedle v. Wilson*).
Defendant 61 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 62:  NBC, Inc.
500 East Speer Blvd
Denver, CO 80203

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 62 is an organization which worked with an agency of the City and County of Denver (color of state law by colloquium, see *Beedle v. Wilson*).
Defendant 62 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 63:  Anastasiya Kuzminskaya
500 East Speer Blvd
Denver, CO 80203

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 63 is an individual who worked with an agency of the City and County of Denver (color of state law by colloquium, see *Beedle v. Wilson*).
Defendant 63 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 64:  Steve Carter
500 East Speer Blvd
Denver, CO 80203

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 64 is an individual who worked with an agency of the City and County of Denver (color of state law by colloquium, see *Beedle v. Wilson*).
Defendant 64 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 65:  Governor John Hickenlooper
200 East Colfax Avenue

Denver, CO 80203

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 65 is an official of an agency of the State of Colorado.
Defendant 65 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 66:  FBI Agent Mark *unknown*
Federal Bureau of Investigations          Federal Bureau of Investigations
8000 East 36th Avenue                     935 Pennsylvania Avenue NW
Denver, CO 80238                          Washington, D.C. 20535-0001

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 66 is an official of an agency of the United States Federal Government.
Defendant 66 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 67:  FBI Agent Takahara
Federal Bureau of Investigations          Federal Bureau of Investigations
8000 East 36th Avenue                     935 Pennsylvania Avenue NW
Denver, CO 80238                          Washington, D.C. 20535-0001

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 67 is an official of an agency of the United States Federal Government.
Defendant 67 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 68:  Denise L. Hayner
8 Parrott Drive
Parsippany, NJ 07054

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No.  Briefly explain:
Defendant 68 is an individual who worked with an agency of the City and County of Denver (color of state law by colloquium, see *Beedle v. Wilson)*.
Defendant 68 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 69: Thomas M. Hayner
8 Parrott Drive
Parsippany, NJ 07054

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain: Defendant 69 is an individual who worked with an agency of the City and County of Denver (color of state law by colloquium, see *Beedle v. Wilson*). Defendant 69 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 70: Douglas County Sheriff's Department
4000 Justice Way
Castle Rock, CO 80101

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain: Defendant 70 is an official of an agency of the City and County of Denver. Defendant 70 is being sued in their ___ individual and/or _X_ official capacity.

Defendant 71: Douglas County Sheriff Spurlock
4000 Justice Way
Castle Rock, CO 80101

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain: Defendant 71 is an official of an agency of Douglas County. Defendant 71 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 72: Douglas County Sheriff's Deputy K
4000 Justice Way
Castle Rock, CO 80101

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain: Defendant 72 is an official of an agency of Douglas County. Defendant 72 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 73: Douglas Wilson
1300 Broadway, Suite 400

Denver, CO 80203

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 73 is the State Public Defender
Defendant 73 is being sued in their _X_ individual and/or _X_ official capacity.

Defendant 74: Other Involved Parties
n/a

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No.  Briefly explain:
Defendant 74 would be any official or and state or federal government agency or an individual or organization who worked with a state or federal government agency.
Defendant 74 is being sued in their _X_ individual and/or _X_ official capacity.

## C.  JURISDICTION

**X**   42 U.S.C. § 1983 (state, county, and municipal defendants)
**X**   *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)
**X**   Other: 42 U.S.C. § 1985
        42 U.S.C. § 1986
        42 U.S.C. § 1988
        18 U.S.C. §241
        18 U.S.C. §242
        18 U.S.C. §245
        18 U.S.C. §249
        C.R.S.A. § 13-21-106, § 13-25-125.5, § 13-80-103 (CO Libel and Slander Law)
        C.R.S.A. § 18-2-201. Conspiracy
        C.R.S.A. § 18-2-301. Criminal Solicitation
        C.R.S.A. § 18-8-108. Compounding
        C.R.S.A. § 18-8-111. False Reporting to Authorities
        C.R.S.A. § 18-8-114. Abuse of Public Records
        C.R.S.A. § 18-8-305. Trading in public office
        C.R.S.A. § 18-8-306. Attempt to influence a public servant
        C.R.S.A. § 18-8-402. Misuse of official information
        C.R.S.A. § 18-8-403. Official oppression

C.R.S.A. § 18-8-404. First Degree Official Misconduct
C.R.S.A. § 18-8-405. Second degree official misconduct
C.R.S.A. § 18-8-406. Issuing a false certificate
C.R.S.A. § 18-8-502. Perjury in the first degree
C.R.S.A. § 18-8-503. Perjury in the second degree
C.R.S.A. § 18-8-504. False swearing
C.R.S.A. § 18-8-505. Perjury or false swearing - inconsistent statements
C.R.S.A. § 18-8-506. Perjury and false swearing - proof
C.R.S.A. § 18-8-507. Perjury and false swearing - previous criminal action
C.R.S.A. § 18-8-508. Perjury - retraction
C.R.S.A. § 18-8-509. Perjury and false swearing - irregularities no defense
C.R.S.A. § 18-8-603. Bribe-receiving by a witness
C.R.S.A. § 18-8-609. Jury-tampering
C.R.S.A. § 18-8-610. Tampering with Physical Evidence
C.R.S.A. § 18-8-703. Bribing a witness or victim
C.R.S.A. § 18-8-704. Intimidating a witness or victim
C.R.S.A. § 18-8-705. Aggravated intimidation of a witness or victim
C.R.S.A. § 18-8-706. Retaliation against a witness or victim
C.R.S.A. § 18-8-707. Tampering with a Witness
C.R.S.A. § 18-8-708. Suit for damages by victim of intimidation or retaliation
C.R.S.A. § 18-8-802. Duty to Report Use of Force by Peace Officers
C.R.S.A. § 18-8-803. Use of Excessive Force
Other applicable statutes

## D.   STATEMENT OF CLAIM(S)

CLAIM ONE: Deprivation of Civil Rights

From approximately 12/27/14 to present, Defendants deprived Plaintiff of his various civil rights, including but not limited to, Plaintiff's: right to self-determination in the face of gross denial of rights, right of access to courts, rights to free speech and remonstrance, rights to choose, right to freely share information, rights to self-defense, right to bear arms, right to free movement, right against unlawful search and seizure, right against false imprisonment, right against false and malicious prosecution, right to due process of law, right to compulsory process to produce witnesses in his favor, right to compulsory process for access to exculpatory evidence, right to discovery of evidence against him, right for compulsory process to authenticate alleged evidence against him, rights of the criminally accused, right to a fair trial, right to counsel, right to pro-se representation, right to face his accuser, right to appeal criminal convictions, right to bring legitimate suits of tort, right against excessive punishment, rights against retaliation, right

against labeling, right to proper classification while detained, rights against double jeopardy, rights against punishment prior to conviction, right to a speedy trial, right to be present, right to be absent, rights against abuses of process, rights against failures to investigate, rights against malicious defamatory libel per se, civil rights associated with the Americans with Disabilities Act (ADA), right against discrimination against ADA rights, rights to equal treatment and equal protection, rights against whistleblower discrimination, rights associated with whistleblower protection, and his rights against false and malicious accusations. Among other things, Defendants destroyed evidence, proffered numerous calumnies, intimidated and abused Plaintiff. Plaintiff's parents willingly joined into the conspiracy, in exchange for amnesty, after being caught trying to commit federal tax fraud in Plaintiff's name and without Plaintiff's consent while Plaintiff was detained. Plaintiff's various defense counsel willingly and knowingly participated in the conspiracy against Plaintiff's civil rights, as well as indicated to Plaintiff that Plaintiff's rights were being intentionally violated because an Associate District Attorney felt that Plaintiff had romantically rejected her.

Supporting facts:

1. In December 2014 Detective Grey tampered with evidence when he attempted to plant illegal narcotics (black tar heroin, additionally Plaintiff is allergic to opiates) in Plaintiff's vehicle in retaliation of Plaintiff's invocation of Plaintiff's 1st, 4th, and 14th amendment rights.

2. In December 2014 Detective Nunez de Ovalle tampered with evidence and abused her office when she falsified a victim statement against Plaintiff in retaliation of Plaintiff's invocation of Plaintiff's 1st, 4th, and 14th amendment rights.

3. In December 2014, Denver Police Commander Ron Thomas, then chief of internal affairs, refused to properly investigate Plaintiff's valid complaint against Nunez de Ovalle and Grey.

4. In December 2014 Denver Police Chief White refused to properly investigate Plaintiff's claims.

5. In December 2014 and January 2015 Mitchell Morrissey and the Denver District Attorney's office refused to properly investigate Plaintiff's claims.

6. In December 2014, Cmdr. Thomas tampered with physical evidence relating to Plaintiff's valid claim of police misconduct.

7. Between December 2014 and present, Nick Mitchell and the Denver Office of the Independent Monitor refused to properly investigate numerous valid complaints filed by Plaintiff.

8. In December 2014, Denver Police and Denver District Attorney maliciously used case 15M00282 to discredit and discourage Plaintiff's valid grievances.

9. In January 2015, Cmdr. Thomas destroyed physical evidence related to Plaintiff's valid claim of police misconduct.

10. Between January 2015 and March 2018, Colorado Attorney General's Office and Cynthia Coffman refused to investigate Plaintiff's valid grievances.

11. In February and April of 2015 J. Hada refused to appoint defense counsel to Plaintiff.

12. Between February and April of 2015, Denver County Court, Denver Court Clerks, and the Denver DA tampered with the court record in case 15M00282.

13. In 15M00282 Denver DA refused to provide Plaintiff with discovery and other exculpatory evidence which they were aware of.

14. Between April 2015 and September 2015, Douglas Wilson, Joanna Stuart, and the State Public Defender's Office acted as agents of the Denver District Attorney to gather information on Plaintiff and took part in an illegal investigation of Plaintiff.

15. Between May and August of 2015 J. Campbell refused to appoint defense counsel to Plaintiff.

16. In April 2015 V. Iyer and Lazarra acted as agents of the Denver District Attorney to gather information on Plaintiff under the guise of 'free criminal case evaluations'.

17. In August 2015, FBI agents Mark *Unknown* and Takahara refused to investigate Plaintiff's valid complaint against Cmdr. Thomas, J.s Hada and Campbell, Mitchell Morrissey and the CO Public Defender, and the Denver Court Clerk.

18. Between 9/11/15 and February 2018, Denver County Court Office of the Presiding Judge and J. Marcucci tampered with and destroyed 2 valid written complaints by Plaintiff against Denver County Court J.s Hada and Campbell. At least one of the complaints had been acted upon and resulted in J. Hada's suspension, subsequent assault on an unknown female Denver District Attorney, and physical removal from the Lindsay-Flanigan Courthouse by J. Marcucci and four Denver Sheriff's deputies.

19. In August 2015, CO Attorney Regulation Counsel refused to investigate Plaintiff's valid claims against Mitchell Morrissey and the CO Public Defender's Office.

20. Around 9/27/15, Denver DA, Denver County Court, Denver Clerk, J. Campbell, Denver Sheriff's Department, CO Public Defender, and Larry Bailey; participated in

an 'IN CUSTODY HEARING', in case 15M00282, in the Lindsay-Flanigan Courthouse, without the Plaintiff present or in custody or aware of the proceeding, and while Plaintiff was 3000 miles away in Maui County, Hawaii.

21. In December 2015, Denver Police and Denver DA initiated charges against Plaintiff solely to intimidate Plaintiff into a guilty plea in 15M00282.

22. In December 2015, Washoe County Sheriff (in the State of Nevada) and Federal authorities held Plaintiff in excessive confinement without cause or due process

23. In January 2016, Denver Sheriff held Plaintiff in excessive confinement without cause or due process, to intimidate into pleading guilty in 15M00282, and to punish Plaintiff before attaining a conviction.

24. In January 2016, Ashley Beck abused process and initiated a civil action to intimidate Plaintiff into pleading guilty in 15M00282.

25. In February 2016 Siddhartha Rathod unethically withheld from the Plaintiff portions of the discovery in 15M00282.

26. Between January 2016 and present, Denver Sheriff's Department refused to investigate numerous valid grievances filed by Plaintiff.

27. In May 2016, Jason Romportl and Denver Adult Probation Services failed to perform the most basic duties of their job, and then proceeded to bar Plaintiff from accessing public accommodations (a public government building) without due process.

28. In May 2016, Ashley Beck, J. Campbell, Denver Sheriff, and Denver Clerk colluded to place Plaintiff under an improper and illegal restraining order to intimidate Plaintiff into pleading guilty in 15M00282 and maliciously violate Plaintiff's 2nd Amendment rights.

29. In May 2016, Ashley Beck abused her office, used official information for personal benefit, and committed perjury in a hearing related to a civil restraining order.

30. Between May 2016 and January 2017, Wadi Muhaisen and Amanda Becker refused to provide Plaintiff with access to discovery in his criminal defense.

31. Between October 2016 and January 2017 J. Gerdes and the Denver District Court knowingly allowed Muhaisen and Becker to continue to refuse Plaintiff access to discovery.

32. Between August 2016 and March 2017, Denver Sheriff and Denver DA held Plaintiff, against his will and without any valid basis, in a mental institution (a mental health

transfer facility), knowing that Plaintiff had no diagnosis of any mental health condition, to intimidate and abuse Plaintiff.

33. In September 2016, Denise and Thomas Hayner, during a recorded video visit at Denver County Jail, attempted to coerce Plaintiff into allowing them to commit federal and state tax fraud in Plaintiff's name.

34. In late 2016, Denver Health Nurse Kelly Smith knowingly falsified documents relating to: a meeting which she was supposed to have with Plaintiff but never performed, and Plaintiff's conditions of confinement.

35. In January 2017, Denver Sheriff, Deputy Boswell, Denver DA, and Denver County Court knowingly filed false and malicious charges against Plaintiff and abused process as a form of intimidation.

36. In February 2016, Clintion McKinzie of the 18th JDDA, acting on behalf of George Brauchler, knowing that Plaintiff had been denied access to the discovery, told Plaintiff that if Plaintiff did not accept the plea deal then the court would wave Plaintiff's speedy trial rights without Plaintiff's consent and force Plaintiff to remain in in mental health housing for at least 6 more months or until Plaintiff accepted the deal.

37. In July 2017 J. Gerdes and Denver District Court refused to dismiss a deferred felony charge against Plaintiff even though Plaintiff had successfully completed the deferral requirements in 16CR07099.

38. Between September 2017 and March 2018, FBI Denver and FBI National Call Center refused to investigate Plaintiff's valid grievances.

39. In August 2017 Stephanie O'Malley and the Denver Department of Public Safety refused to investigate Plaintiff's valid grievances.

40. In September 2017 J. Gerdes, without prompting from defendant, defense counsel, prosecutor, or court staff, admitted that she was aware that 16CR07099 conviction was obtained unconstitutionally, but refused to allow a fair retrial.

41. In August and September of 2017; Denver PD, Denver DA, NBC, Kuzminskaya, and Denver Courts colluded to bring charges against Plaintiff solely to intimidate and punish Plaintiff for invoking Plaintiff's civil rights and Plaintiff defending himself and his name against the defamation which Defendants perpetrated and/or caused and/or helped to perpetrate.

42. In September 2017 Denver Mayor's Office refused to investigate Plaintiff's valid grievances.

43. In September 2017 Colorado Governor's Office and John Hickenlooper refused to investigate Plaintiff's valid grievances.

44. In September 2017 Colorado Bureau of Investigations refused to investigate Plaintiff's valid grievances.

45. In September 2017, Douglas County Sheriff's Deputy K, acting as an associate of the FBI; identified himself as an FBI agent, asked Plaintiff if Plaintiff's last name started with an "M", then when Plaintiff responded 'no' Deputy K called out to another Federal Agent "this is him, he's the guy were looking for" as if he was conducting some sort of Orwellian roundup of all persons whose last names do not start with an M. Plaintiff then asked Deputy K if Deputy K intended to uphold Plaintiff's civil rights, and the following conversation ensued

| | |
|---|---|
| Deputy K: | "I don't have to uphold your rights" |
| Plaintiff: | "You said you were FBI, right?" |
| Deputy K: | "Yeah." |
| Plaintiff: | "Well if you're FBI, and you don't have to uphold my rights, then why are there posters all over the lobby of the FBI building in Denver that say 'The FBI is here to protect your civil rights'?" |
| Deputy K: | "What?" |
| Plaintiff: | "Posters, all over the lobby, they're almost impossible to miss, they're blue and they say that you're supposed to be protecting my civil rights. Have you ever even been to the FBI building in Denver?" |
| Deputy K: | (to other federal agent) "I need some help over here" |
| Plaintiff: | "Can I see some official ID?" |
| Deputy K: | (to Plaintiff) "Shut up, stop asking questions." |

46. Between September 2017 and March 2018 J. Gerdes, Beth McCann, Bonnie Benedetti, Denver DA, and Denver District Court intentionally and knowingly misused information and criminal charges to convict Plaintiff in an unconstitutional manner and in violation of Double Jeopardy/Multiplicity.

47. Between September 2017 and March 2018 R. Scott Reisch refused to properly investigate the evidence against Plaintiff in 17CR6534.

48. In March 2018, Heather Becker and Denver Pre-trial Services, knowingly violated Plaintiff's ADA rights in retaliation for Plaintiff's valid complaints of Denver Pre-trial Services' breach of contract.

49. In March 2018 J. Gerdes, Beth McCann, Bonnie Benedetti, Denver DA, and Denver District Court intentionally and knowingly misused jury instructions to convict

Plaintiff in an unconstitutional manner and in violation of Plaintiff's 1st Amendment rights.

50. Other things.

CLAIM TWO: Malicious Defamatory Libel Per Se

In March of 2017, Anastasiya Kuzminskaya, a pathological liar and news clown at NBC 9NEWS, a subsidiary of Tegna, conspired with Simon Crittle and the Denver Sheriff's Department to publish, broadcast, and distribute through mass media communications, a news story which they knew to be untrue; and did so with the intent to defame and discredit Plaintiff so as to interfere with his ability to pursue legal claims against the Defendants and right the wrongs committed against Plaintiff.

Supporting facts:

1. Between December 2014 and February 2017, Defendants neglected to protect and intentionally violated Plaintiff's various civil rights, simply to obtain unconstitutional convictions which they intended to use in defense of potential legal actions by Plaintiff against Defendants.

2. On 3/29/17, 9NEWS published and broadcast a news article which maliciously defamed plaintiff, based on information provided by the Denver Sheriff's Department.

3. The article imputed that Plaintiff had committed 4 crimes of moral turpitude, none of which Plaintiff had ever been found guilty of, 1 of which Plaintiff had been found not guilty of and 3 of which Plaintiff had never been accused of.

4. The article claimed to list a 'dirty dozen' of inmates, yet there were only 10 problem inmates plus Plaintiff, for a total of only 11 persons listed. 11 is not a dozen.

5. Deputy Simon Crittle was interviewed on camera as a representative of the Denver Sheriff for the article.

6. 9NEWS reporter Kuzminskaya admitted on 3/26/18 that she ran a CBI criminal records check on Plaintiff, yet found no convictions of crimes which she imputed Plaintiff committed.

7. Denver Sheriff's Department provided Plaintiff's picture and information for article, without any consent from Plaintiff, and knowing that information was not accurate.

8. Steve Carter, 9News station manager, fabricated an email purportedly sent to Plaintiff, which Kuzminskaya and the Denver Police later used as evidence in 17CR6534 and R.

Scott Reisch refused to investigate regardless of its clear and obvious fabrication.

9. Arapahoe County Court worked with Denver County Sheriff and Kuzminskaya to place Plaintiff under an illegally obtained civil restraining order and maliciously interfered with Plaintiff's ability and right to appeal.

10. Other things.

## E.    PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated?  ___ Yes **X** No

## F.    ADMINISTRATIVE REMEDIES
Is there a formal grievance procedure at the institution in which you were confined? **X** Yes
Did you exhaust administrative remedies? **X** Yes

## G.    REQUEST FOR RELIEF

1. Monetary Damages.

2. Exonerations of all charges and convictions against Plaintiff related to the events described in this complaint.

3. Writ's of Prohibition barring trial or retrial of Plaintiff for any offense related to the events mentioned in this complaint.

4. All public records about Plaintiff, created by Federal, State, county, municipal, and other related agencies, created after the initial police report filed by the Plaintiff in December 2014: to be destroyed, expunged, or otherwise appropriately removed from the public record, police record, court record, or other government records public or private, so as not to cause problems for or be used against Plaintiff in the future.

5. Declaration finding secrecy in judicial discipline unconstitutional and requiring state and local courts to adopt publicly posted judicial discipline proceedings similar to those used in the U.S. Federal Court System.

6. Declaration finding Colorado's municipal and county "Home Rule" statutes unconstitutional as it relates to 'appointed ombudsperson's offices' and 'judicial oversight'.

7. Declaration finding blanket listening, reading, recording, and or otherwise monitoring of pre-trial detainee's communications, video visits, emails, mail, and other communications unconstitutional.

8. Declaration finding the requirement of defendants who are pro-se with assistance counsel and/or advisory counsel and/or investigators to waive their right to claims of ineffective assistance of counsel on appeal unconstitutional.

9. Declaration finding that Colorado's 'Newsperson's Privilege' statute unconstitutional in that it may not be invoked when a newsperson or a newsperson's news/media organization in any way initiated the related action.

10. Declaration finding that State and local law enforcement officials must uphold an individual's civil rights if they or their agencies in any way work with Federal law enforcement or receive any funding, either directly or indirectly, from any Federal agency for any reason.

11. Declaration finding that state and local agencies or related private contractors may not profit from or offset costs of detention of pre-trial detainees, either through state and federal subsidies, sales inside detention facilities, taxes inside detention facilities, fee's, or other activities; and may only recover individual costs through fees and restitution placed upon individual convicted persons at the time of their convictions.

## H.    PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

*Thomas E. Haynie*
(Plaintiff's signature)

9/6/18
(Date)

**Colorado Department of Corrections**
Name: Thomas Haynes
Register Number: 180485
Un: Skyline Correctional Center
Box Number: P.O. Box 300
City, State, Zip: Cañon City, CO 81215

FIRST CLASS!

Clerk of the Court
Alfred A' Arraj United States Courthouse
901 19th Street, Room A105
Denver, CO  80294-3589



FIRST CLASS!

SCC

FACILITY

FIRST NAME

OFFENDER LAST NAME

DATE REC'D 9/6/18

ID# 16259

INT    DT

INT

180985